# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Kenneth Elliott  
6705 Middlefield Road  
Fort Washington, MD 20744  

       Plaintiff,  

v.  

Thomas E. Perez  
Secretary of the U.S. Department of Labor  
200 Constitution Ave., N.W.  
Washington, DC 20210  

       Defendant.  

Serve: U.S. Attorney General  
       950 Pennsylvania Ave., N.W.  
       Washington, DC 20530  

Serve: Civil Process Clerk  
       United States Attorney's Office  
       555 Fourth Street, N.W.  
       Washington, DC 20530  

Civil Action No._____

**JURY TRIAL DEMAND**

## COMPLAINT AND JURY TRIAL DEMAND

### NATURE OF THE CLAIM

1. COMES NOW the Plaintiff, Kenneth Elliott ("Mr. Elliott") or ("Plaintiff"), by undersigned counsel, and respectfully files this Complaint for racially based employment discrimination against Defendant, Secretary of the U.S. Department of Labor ("DOL"). At all times relevant herein, Mr. Elliott has been employed as a Labor Economist (GS-13) in DOL. He was subjected to disparate treatment and a hostile work environment based on his race (African-American) and sex (male) in the BLS National Office, in violation of Title VII of the Civil Rights Act of 1964 as amended.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the instant complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiff has exhausted available administrative remedies.

3. Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 §1391 because the unlawful employment practices were committed and the employment records were maintained, in whole or in part, in the District of Columbia, and the Defendant Agency is located in the District of Columbia.

## PARTIES

4. Mr. Elliott is an African-American male and a United States citizen who resides in Fort Washington, Maryland. At all times relevant to this action through the present, he has been employed by DOL as a Labor Economist (GS-13) with DOL's Bureau of Labor Statistics (BLS).

5. The DOL is a United States Executive Agency located in the District of Columbia. It is responsible, *inter alia*, for standards in occupational safety, wages and number of hours worked, unemployment insurance benefits, re-employment services and a portion of the country's economic statistics. Defendant Thomas E. Perez is the present Secretary of Labor, with authority, *inter alia*, over the hiring, firing, assignment, terms and conditions of employment of persons employed by the DOL, including but not limited to the Plaintiff. Defendant is named solely in his official capacity as head of the DOL as required by Title VII of the Civil Rights Act of 1964, as amended, §7, 42 U.S.C. § 2000e, *et. seq*.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff has complied with the administrative prerequisites necessary to bring this action. Plaintiff has exhausted administrative remedies. Plaintiff timely files the instant action.

7. On May 9, 2014, Plaintiff initiated the EEO complaint process. On June 10, 2014, Plaintiff's formal complaint of discrimination was received by the Civil Rights Center (CRC). The Final Agency Decision in this matter was issued on July 21, 2015, and sent to Plaintiff by mail. This Complaint is timely filed within ninety (90) days of Mr. Elliott's *receipt* of the Final Agency Decision.

## FACTS

1. Mr. Elliott has been a Labor Economist (GS-13) in the BLS National Office since March, 1992. He is an African-American male. He has applied for numerous promotions, and received none.

2. This case involves three (3) promotions for which he was not selected: On or about March 26, 2014, Mr. Elliott applied for both the positions of GS-0110-14 Supervisory Labor Economist and GS-1530-14 Supervisory Statistician, under Vacancy Announcement No. MS-14-BLS-CW-018. He was on the certificate [list] of eligibles, and interviewed for both positions. One interview was conducted for both positions.

3. On May 9, 2014, he was not selected for the positions of GS-0110-14 Supervisory Labor Economist and GS-1530-14 Supervisory Statistician, under Vacancy Announcement No. MS-14-BLS-CW-018.

4. On or around July 14, 2014, he was not selected for the positions of GS-0110-14 Supervisory Labor Economist and GS-1530-14 under Vacancy Announcement No. MS-14-BLS-CW-062.

5. The sole selecting official for the Supervisory Labor Economist / Supervisory Statistician in the Division of Compensation Data Analysis and Planning was a Caucasian male. There was no review panel. The selecting official for the Supervisory Labor Economist/Supervisory Statistician in the Division of Compensation Data Estimation was an African American female. She conducted the interview; a Caucasian official also participated in the interview by phone, and

likely the selection process.

6. The selectee for the Supervisory Labor Economist position was an Hispanic male. While no one was selected for the Supervisory Statistician position, a Caucasian male was hired as the Branch Chief of the Data Capture and Review Branch (the one vacancy that could either be filled by an economist or a statistician).

7. On or about May 29, 2014, Mr. Elliott applied for the positions of GS-0110-14 Supervisory Labor Economist or GS-1530-14, Vacancy Announcement No. MS-14-BLS-CW-062. He was on the certificate [list] of eligible. The Division Chief for the Division of Compensation Data Analysis and Planning and an African-American female interviewed him. The woman was the interviewer and selecting official. There was no Review Committee for the position. The selectee for this Supervisory Labor Economist position was a Caucasian female.

8. Mr. Elliott was better qualified for the positions than the above referenced selectees. He has a larger body of work and accomplishments than either of them. He has served as a team leader on a variety of projects. He has Statistical Analysis Software experience. He had experience with economic data daily as a regular component of his present position and job duties. He also worked in the Office of Compensation and Working Conditions for twenty-two (22) years, which made him more senior to the selectees. He performed more functions in the production process than the selectees, and gained more valuable experiences. He has a Bachelor's degree in Economics and a Master's Degree in Information Systems. His writing is competitive; he has published three (3) articles and a book review. He is also is a high performing employee who has always been rated as either Outstanding or Highly Effective on his performance evaluations.

9. Mr. Elliott possesses all the requirements listed in the vacancy announcements and has extensive experience in data collection and manipulation. Further, Mr. Elliott worked in the branch from

which the Hispanic male was selected, served as team leader and performed the type of duties related to the position.

10. Over the course of the last ten (10) years, African-American males have been under-represented in upper management positions at BLS; there are few, if any, African-American males at grade 15 or above. There is a corresponding systematic problem within the agency related to the promotion of African-American men in the BLS' Economist series to positions that are high on the career ladder.

11. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer harm, stress, depression, sadness, decreased desire to socialize or go to work, and other damages. He has undergone counseling to address these problems.

## CAUSE OF ACTION

### COUNT I – RACE AND SEX DISCRIMINATION
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

12. Paragraphs 1 through 11 are hereby incorporated as though each of the factual allegations were restated.

13. Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. As an African-American male, Plaintiff is a member of a protected class.

14. In view of Plaintiff's superior qualifications and leadership experience, Defendant had no legitimate business reason not to select Mr. Elliott for promotion, and the reasons offered for said non-selections are false and therefore pretextual in nature.

15. Defendant discriminated against Plaintiff by failing to promote him based on his race and sex (African-American male). Defendant's illegal actions thus described above constitute discrimination in violation of Title VII.

16. Defendants knew or should have known that their conduct violated clearly established statutory and/or constitutional rights against discrimination based on race and effectively constituted a double standard, whereupon African-American males were systemically not promoted beyond a certain level, while others with less status and experience retained promotional opportunities.

17. Plaintiff has been treated differently and subjected to different terms and conditions of his employment because he is an African-American man. Defendant has limited, segregated and classified Plaintiff in a way that deprived him of promotional opportunities and otherwise adversely affected his status as an employee, because he is an African-American man.

18. Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

19. Plaintiff's race was a determining and motivating factor in Defendant's unlawful conduct toward him.

20. Defendant discriminated against Plaintiff because of his race by engaging in, tolerating or failing to prevent racial discrimination and by failing to take action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

21. Defendant's above described illegal actions directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to his professional reputation.

22. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to said Plaintiff's legal rights.

**RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this court:

Plaintiff respectfully demands a trial by jury on all issues so triable.

**DATED:** October 20, 2015

Respectfully submitted,

_____
Donald M. Temple [#408749]
1101 15th Street, NW, Suite 203
Washington, D.C. 20005
(202) 628-1101 Tel.
(202) 628-1149 Fax
dtemplelaw@gmail.com
*Attorney for Plaintiff*

9